IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| PJM POWER PROVIDERS GROUP,<br><br>*Petitioner*,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>*Respondent*. | No. 21-3068 |

**MOTION TO INTERVENE OF NEW JERSEY
DIVISION OF RATE COUNSEL,
OFFICE OF THE PEOPLE'S COUNSEL FOR THE
DISTRICT OF COLUMBIA,
MARYLAND OFFICE OF PEOPLE'S COUNSEL,
AND DELAWARE DIVISION OF THE PUBLIC
ADVOCATE**

Pursuant to Federal Rule of Appellate Procedure 15(d), New Jersey Division of Rate Counsel, Office of the People's Counsel for the District of Columbia, Maryland Office of People's Counsel, and Delaware Division of the Public Advocate (together, Joint Consumer Advocates), move for leave to intervene in the above-captioned case in support of Respondent Federal Energy Regulatory Commission (FERC or Commission).

In support of their motion, Joint Consumer Advocates state:

The petition for review in this matter concerns the Commission's review of proposed revisions to the PJM Interconnection, L.L.C. (PJM) tariff. The revisions

were filed with FERC pursuant to section 205 of the Federal Power Act, 16 U.S.C. § 824d.

PJM is a regional transmission organization that operates a portion of the electric transmission grid spanning thirteen states (including New Jersey, Delaware, and Maryland) and the District of Columbia. Additionally, PJM administers a set of wholesale electricity markets which are designed to procure the electric energy, capacity, and ancillary services necessary to serve regional electricity demand in a reliable manner. PJM administers these markets pursuant to the rules set out in its tariff.

P3 seeks review of the Commission's consideration of revisions to PJM tariff provisions concerning the Base Residual Auction (BRA), which is conducted by PJM to procure sufficient electric generating capacity to meet expected future electricity demand. PJM sought FERC approval of changes to the portion of the tariff establishing a Minimum Offer Price Rule (MOPR)–a price floor at or above which certain suppliers must offer their capacity. *See* FERC Docket No. ER21-2582.

On July 30, 2021, PJM filed with FERC revisions to the MOPR that were intended to focus its applicability on: (1) suppliers with the ability and incentive to suppress capacity market prices through the exercise of market power; and (2) suppliers receiving state subsidies that are conditioned on the supplier engaging

in certain auction bidding behavior. The revisions effectively reversed the Commission's 2019 expansion of the MOPR in challenged orders that are pending on appeal before the United States Court of Appeals for the Seventh Circuit.[1] That disputed expansion set price floors for a vast array of resources eligible to participate in the Base Residual Auction, including resources that will be developed in response to state policies and receive support by means of ratepayer funding, renewable energy credits, or otherwise.

Each of Joint Consumer Advocates intervened in the proceeding before FERC.[2] The Joint Consumer Advocates jointly filed comments in support of PJM's proposal, which they found would enable PJM to protect the integrity of its markets, remove artificial barriers to market entry, reduce costs to consumers, and preserve reliability, while respecting legitimate exercises of state power to develop new and needed generation resources. In addition to their initial comments in support of the PJM proposal, Joint Consumer Advocates also filed an answer to certain protests filed by P3 and others.

---

[1] *PJM Interconnection, L.L.C.,* 169 FERC ¶ 61,239 (2019), *order on reh'g & clarification,* 171 FERC ¶ 61,035, *order on reh'g,* 173 FERC ¶ 61,061 (2020), *appeals pending, Ill. Com. Comm'n v. FERC,* Nos. 20-1645, et al. (7th Cir. Apr. 20, 2020).

[2] Each of the Joint Consumer Advocates also is a petitioner in the consolidated Seventh Circuit proceedings challenging the MOPR expansion reversed by the tariff revisions at issue here.

Pursuant to section 205 of the Federal Power Act, FERC was required to issue any order accepting or rejecting PJM's proposed tariff changes within sixty days of PJM's filing. *See* 16 U.S.C. § 824(d). FERC's four members were deadlocked (two in favor, and two against), and the Commission was therefore unable to take a majority action on PJM's proposal within the requisite sixty day timeframe. *PJM Interconnection, L.L.C.*, Notice of Filing Taking Effect By Operation of Law (Sept. 29, 2021), FERC Docket No. ER21-2582, eLibrary No. 20210929-3009. Accordingly, and in conformance with the applicable provisions of the Federal Power Act, PJM's proposed changes took effect by operation of law. 16 U.S.C. § 824(d).

The outcome of this proceeding will affect directly the rates charged to consumers in Delaware, New Jersey, Maryland, and District of Columbia, and the electric generation resources used to serve them. Each of Joint Consumer Advocates is a regulatory agency charged with protecting the interests of electric ratepayers in their respective jurisdictions. As such, Joint Consumer Advocates are uniquely situated to represent the consumer interests at stake in this matter, and these interests cannot be adequately represented by any other party to this proceeding. And, as described above, Joint Consumer Advocates participated actively in the FERC proceeding that gave rise to this appeal.

The interests set forth above meet the standard for intervention pursuant to Federal Rule of Appellate Procedure 15(d). *See, e.g.*, *N.M. Dep't of Human Servs. v. Dep't of Health & Human Servs. Health Care Fin. Admin.*, 4 F.3d 882, 884 n.2 (10th Cir. 1993) (Rule 15(d) motion granted to intervenors with a "substantial and unique interest in the outcome"); *Bales v. NLRB*, 914 F.2d 92, 94 (6th Cir. 1990) (Rule 15(d) motion granted to one with "substantial interest in the outcome"); *see also Yakima Valley Cablevision, Inc. v. FCC*, 794 F.2d 737, 744-45 (D.C. Cir. 1986) (intervention granted to one "directly affected by" agency policy). The intervention of Joint Consumer Advocates in this proceeding is therefore in the public interest.

Joint Consumer Advocates anticipate that in this proceeding they will be aligned with Respondent Commission.

This motion is timely under Federal Rule of Appellate Procedure 15(d) because it is being submitted within thirty days of November 5, 2021—the date on which P3 filed its petition for review initiating this proceeding.

Counsel for Joint Consumer Advocates contacted counsel for both Petitioner and Respondent concerning this motion and is authorized to represent that neither opposes the motion.

For the foregoing reasons, Joint Consumer Advocates respectfully request that they be permitted leave to intervene in the above-captioned proceeding.

Respectfully submitted,

/s/ Scott H. Strauss
Scott H. Strauss
Peter J. Hopkins**
Jeffrey A. Schwarz
Amber L. Martin Stone**

*Attorneys for New Jersey Division of Rate Counsel, Office of the People's Counsel for the District of Columbia, Maryland Office of the People's Counsel, and Delaware Division of the Public Advocate*

**\*\*Application for admission to the Third Circuit forthcoming**

Law Offices of:
    Spiegel & McDiarmid LLP
    1875 Eye Street, NW
    Suite 700
    Washington, DC 20006
    (202) 879-4000

November 29, 2021

# CERTIFICATE OF UNCONTESTED MOTION

Pursuant to L.A.R. 27.3, the undersigned counsel for New Jersey Division of Rate Counsel, Office of the People's Counsel for the District of Columbia, Maryland Office of People's Counsel, and Delaware Division of the Public Advocate contacted counsel for both Petitioners and Respondents. Counsel for Petitioners and Respondents confirmed that neither oppose the foregoing Motion.

                                                */s/ Scott H. Strauss*
                                                Scott H. Strauss

Law Offices of:
    Spiegel & McDiarmid LLP
    1875 Eye Street, NW
    Suite 700
    Washington, DC 20006
    (202) 879-4000

# CERTIFICATE OF COMPLIANCE

I certify that the foregoing Motion to Intervene complies with the type-volume limitations of Fed. R. App. P. 27(d)(2)(A) because it contains 907 words, as counted by the word count feature of Microsoft Word 2010, with which this Motion was prepared.

I further certify that pursuant to Fed. R. App. P. 27(d)(1)(E), the foregoing Motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared in Microsoft Word using a proportionally spaced typeface, Times New Roman 14-point font.

*/s/ Scott H. Strauss*
Scott H. Strauss

Law Offices of:
    Spiegel & McDiarmid LLP
    1875 Eye Street, NW
    Suite 700
    Washington, DC 20006
    (202) 879-4000

**CERTIFICATE OF ADMISSION TO THE BAR**

I hereby certify that I, Scott H. Strauss, counsel for movant-intervenors New Jersey Division of Rate Counsel, Office of the People's Counsel for the District of Columbia, Maryland Office of People's Counsel, and Delaware Division of the Public Advocate, am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

*/s/ Scott H. Strauss*
Scott H. Strauss

Law Offices of:
    Spiegel & McDiarmid LLP
    1875 Eye Street, NW
    Suite 700
    Washington, DC 20006
    (202) 879-4000

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | |
|---|---|
| PJM POWER PROVIDERS GROUP,<br><br>*Petitioner*,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>*Respondent*. | No. 21-3068 |

**CORPORATE DISCLOSURE STATEMENT OF
NEW JERSEY DIVISION OF RATE COUNSEL,
OFFICE OF THE PEOPLE'S COUNSEL FOR THE
DISTRICT OF COLUMBIA,
MARYLAND OFFICE OF PEOPLE'S COUNSEL,
AND DELAWARE DIVISION OF THE PUBLIC
ADVOCATE**

Pursuant to Fed. R. App. P. 26.1 and LAR 26.1.1, New Jersey Division of Rate Counsel, Office of the People's Counsel for the District of Columbia, Maryland Office of People's Counsel, and Delaware Division of the Public Advocate are governmental entities that do not issue any stock and thus are not subject to the corporate disclosure statement requirement of Rule 26.1 of the Federal Rules of Appellate Procedure.

Respectfully submitted,

*/s/ Scott H. Strauss*
   Scott H. Strauss
   Peter J. Hopkins**
   Jeffrey A. Schwarz
   Amber L. Martin Stone**

*Attorneys for New Jersey Division of Rate Counsel, Office of the People's Counsel for the District of Columbia, Maryland Office of the People's Counsel, and Delaware Division of the Public Advocate*

**\*\*Application for admission to the Third Circuit forthcoming**

Law Offices of:

Spiegel & McDiarmid LLP
1875 Eye Street, NW
Suite 700
Washington, DC 20006
(202) 879-4000

# CERTIFICATE OF SERVICE

I hereby certify that I have on this 29th day of November, 2021, caused the foregoing document to be electronically served through the Court's CM/ECF system.

                                             */s/ Scott H. Strauss*
                                             Scott H. Strauss

Law Offices of:
    Spiegel & McDiarmid LLP
    1875 Eye Street, NW
    Suite 700
    Washington, DC 20006
    (202) 879-4000