Nos. 21-3068 & 21-3205

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| PJM POWER PROVIDERS GROUP,<br><br>    Petitioner,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Petition for review of order of the Federal Energy Regulatory Commission,<br><br>No. ER21-2528 |
| ELECTRIC POWER SUPPLY ASSOCIATION,<br><br>    Petitioner,<br><br>v.<br><br>FEDERAL ENERGY REGULATORY COMMISSION,<br><br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Petition for review of order of the Federal Energy Regulatory Commission,<br><br>No. ER21-2528 |

**MOTION TO INTERVENE OF PEOPLE OF THE STATE OF ILLINOIS AND ILLINOIS COMMERCE COMMISSION**

Pursuant to Federal Rule of Appellate Procedure 15(d), the People of the State of Illinois and the Illinois Commerce Commission (collectively "Illinois Intervenors") respectfully move for leave to intervene in the above-captioned proceeding in support of respondent the Federal Energy Regulatory Commission ("FERC").

## BACKGROUND

On July 30, 2021, PJM Interconnection, LLC ("PJM") filed with FERC proposed modifications to a regional electric capacity market rule. *See* Revisions to Application of Minimum Offer Price Rule, FERC No. ER21-2582 (July 30, 2021).

Because the Commissioners were deadlocked two-to-two, FERC did not issue an order on the proposed modifications within the 60-day period required by statute, *see* 16 U.S.C. § 824d(d), and PJM's proposed modifications took effect by operation of law on September 29, 2021. *See* Notice of Filing Taking Effect by Operation of Law, FERC No. ER21-2582 (Sep. 29, 2021). Petitioner PJM Power Providers Group ("P3") then had 30 days, or until October 29, 2021, to file a request for rehearing, which it filed on October 5, 2021. *See* Emergency Request for Rehearing of the PJM Power Providers Group, FERC No. ER21-2582 (Oct. 5, 2021); 16 U.S.C. § 825*l*(b). FERC did not issue an order on that request within the 30-day period required by statute, which had the effect of denying it on November 4, 2021. *See* 16 U.S.C. § 825*l*(a); see also *Allegheny Def. Project v. Fed. Energy Regulatory Comm'n*, 964 F.3d 1, 12-19 (D.C. Cir. 2020) (applying Natural Gas Act). P3 then had 60 days to file a petition for review, which it did on November 5, 2021. *See* 3rd Cir. Doc. No. 1; 16 U.S.C. § 824d(g)(2).

On November 29, 2021, the Electric Power Supply Association ("EPSA") filed a separate petition for review of FERC's denial of its petition for rehearing of FERC's September 29, 2021 action (Docket 21-3205), which the Court consolidated with P3's action. The period for other parties in the FERC proceeding to seek review of its action (or inaction) on their petitions for rehearing of its September 29, 2021 action will not expire until January 29, 2022. *See* 16 U.S.C. § 825*l*. And those actions, if filed in another court of appeals, will likely be subject to being transferred to this Court on the ground that they relate to the "same" agency order. *See* 28 U.S.C.

2

§ 2112(a); *see also* 16 Fed. Prac. & Proc. (Wright & Miller) § 3944 (3d ed.), nn. 25-32 and accompanying text.

## STATEMENT OF INTEREST

Illinois Intervenors seek to intervene in this matter because they have a direct and substantial interest that cannot be adequately represented by any other party. The Illinois Commerce Commission is the state agency that oversees the provision of adequate, reliable, efficient, and safe power by electricity utilities to Illinois consumers, including the People of Illinois, whom the Illinois Attorney General routinely represents in regulatory matters affecting utility markets. The PJM regional transmission organization includes significant portions of northern Illinois, including more than 3.5 million customers and all of Chicago and Cook County. There are also many electricity generating plants in Illinois that participate in the PJM markets and provide energy to Illinois consumers. Both Illinois Intervenors, therefore, have an interest in the tariff that governs pricing within that market.

In addition, Illinois Intervenors are petitioners in an action pending in the Seventh Circuit that challenges FERC's prior market rule for electric capacity auctions in the PJM region that P3's petition in this action seeks to have reinstated. *See* 7th Cir. Docket No. 20-1645. On September 27, 2021, the Seventh Circuit granted a requested abeyance of those proceedings until December 21, 2021, in light of PJM's request to modify that prior market rule. *See id.*, Doc. Nos. 137, 138.

The Commission, the private trade association intervenors, and the other State intervenors cannot adequately represent Illinois Intervenors' interests. *See*,

*e.g.*, *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 736 (D.C. Cir. 2003) (stating that entities of different sovereigns do not adequately represent one another's interests); *Kleissler v. United States Forest Serv.*, 157 F.3d 964, 973-74 (3rd Cir. 1998) (explaining governmental parties "represent[ ] numerous complex and conflicting interests" whereas private parties have more "straightforward business interests"); *Dimond v. District of Columbia*, 792 F.2d 179, 193-194 (D.C. Cir. 1986) (distinguishing between governmental interest in "representing public interest and private party's "more narrow and 'parochial' financial interest").

This motion is filed within 30 days of the petition for review. *See* Fed. R. App. P. 15(d). And allowing Illinois Intervenors to participate as intervenors would not inconvenience this Court or any other party.

## CONCLUSION

The People of the State of Illinois and the Illinois Commerce Commission respectfully request that they be permitted to intervene in this case with full rights attendant thereto.

Respectfully submitted, on December 1, 2021.

/s/ Sarah A. Hunger
**SARAH A. HUNGER**
Deputy Solicitor General
Office of the Illinois Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-5202
Sarah.Hunger@ilag.gov

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on December 1, 2021, I electronically filed the foregoing Motion to Intervene of the People of the State of Illinois and the Illinois Commerce Commission with the Clerk of the Court for the United States Court of Appeals for the Third Circuit by using the CM/ECF system. I further certify that the other participants in this appeal are registered CM/ECF users and thus will be served by the CM/ECF system.

/s/ Sarah A. Hunger
**SARAH A. HUNGER**
Deputy Solicitor General
Office of the Illinois Attorney General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-5202
Sarah.Hunger@ilag.gov