# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

| | | |
|---|---|---|
| Electric Power Supply Association, | ) ) ) | No. 21-3205 |
| Petitioners, | ) ) | |
| vs. | ) ) | (consolidated with |
| Federal Energy Regulatory Commission, | ) ) ) | No. 21-3068, No. 21-3243) |
| Respondent. | ) ) ) | |

## MOTION OF
## THE INDEPENDENT MARKET MONITOR FOR PJM
## FOR LEAVE TO INTERVENE

Pursuant to Rule 15(d) of the Federal Rules of the Appellate Procedure, Monitoring Analytics, LLC, acting in its role as the Independent Market Monitor for PJM ("Market Monitor"), moves for leave to intervene in this proceeding.

PJM Interconnection, L.L.C. ("PJM") is the Regional Transmission Organization ("RTO") for all or portions of Delaware, the District of Columbia, Illinois, Indiana, Kentucky, Maryland, Michigan, New Jersey, North Carolina, Ohio, Pennsylvania, Tennessee, Virginia and West Virginia. PJM is authorized by Respondent Federal Energy Regulatory Commission ("FERC") to administer an Open Access Transmission Tariff ("Tariff"),

operate a wholesale energy and other markets, including the PJM capacity market, and operate the bulk power system in its region. PJM was approved by FERC first as an independent system operator (ISO), *Pennsylvania-New Jersey-Maryland Interconnection*, 81 FERC ¶ 61,257 (1997), *reh'g denied*, 92 FERC ¶ 61,282 (2000), *modified sub nom*. Atl. City Elec. Co. v. FERC, 295 F.3d 1 (D.C. Cir. 2002), and then as an RTO, *PJM Interconnection, L.L.C.*, 101 FERC ¶ 61,345 (2002).

As a condition for approval as an ISO and as an RTO, PJM was required to have an independent market monitoring function. 81 FERC ¶ 61,257, 62,282; 101 FERC ¶ 61,345, 62,444, citing *PJM Interconnection, L.L.C., et al.*, 96 FERC ¶ 61,061, 61,239 (2001). The Market Monitor is solely responsible for the market monitoring function for PJM and has been since the inception of PJM markets in 1999. In 2008, the Market Monitor became a fully separate organization, and the Market Monitor has continued since that time to perform the market monitoring function pursuant to a Market Monitoring Services Agreement with PJM. *Allegheny Elec. Coop., et al. v. PJM Interconnection, L.L.C.*, 122 FERC ¶ 61,257, 62,486–62,487 (2008). The Market Monitor is responsible for implementing the PJM Market Monitoring Plan, which is included in the Tariff as Attachment M and Attachment M–Appendix.

The Tariff and the PJM Market Monitoring Plan assign exclusive responsibility to the Market Monitor to evaluate offers, including offers in the PJM capacity markets, to determine whether such offers are at

competitive levels and whether such offers raise market power concerns. Tariff § 12A ("[PJM] does not make determinations about market power, including, but not limited to, whether the level or value of inputs or a decision not to offer a committed resource involves the potential exercise of market power. Acceptance or rejection of an offer or bid by the Office of the Interconnection does not include an evaluation of whether such offer or bid represents a potential exercise of market power… The [Market Monitor] has the exclusive authority to perform the functions set forth in Attachment M and the Attachment M-Appendix."); Tariff Attachment M.IV; Tariff Attachment M–Appendix § II. The Market Monitor's responsibilities include a role in the administration of the Minimum Offer Price Rule ("MOPR"), the subject of this proceeding. *See* Tariff Attachment M–Appendix § II.D. The MOPR is intended to prevent offers below competitive levels and to prevent the exercise of buyer side market power.

The petition for review filed by the Electric Power Supply Association ("EPSA") in this case (and the petitions filed in the consolidated cases) seeks review of the notice of filing taking effect by operation of law issued by Respondent, FERC, September 29, 2021 ("Notice"), and the notice of denial of rehearing by operation of law issued by Respondent, FERC, November 29, 2021. *See* FERC Docket No. ER21-2582-000. The result of the Notice was to allow significant changes to the MOPR to become effective. The tariff changes effectively eliminate the MOPR while creating a confusing and

inefficient administrative process that effectively makes it both unnecessary and impossible to prove buyer side market power as defined.

The changes to the MOPR resulting from the Notice inhibit the ability of the Market Monitor to prevent the exercise of market power and to promote robust and competitive markets. The Market Monitor has a direct and substantial interest in this proceeding. Such interest cannot be adequately represented by any other party.

## CONCLUSION

The Market Monitor respectfully requests that the court grant its motion for leave to intervene in this proceeding.

Respectfully submitted,

Jeffrey W. Mayes
General Counsel
Monitoring Analytics, LLC
2621 Van Buren Avenue, Suite 160
Eagleville, Pennsylvania 19403
(610) 271-8053
*jeffrey.mayes@monitoringanalytics.com*

December 8, 2021

**DISCLOSURE STATEMENT**

Monitoring Analytics, LLC has no parent corporation. Because Monitoring Analytics, LLC does not issue stock, no corporation can own ten percent or more of its stock.

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Appellate procedure, I hereby certify that I have this 7th day of December 2021, served the foregoing Motion of the Independent Market Monitor for PJM for Leave to Intervene and Corporate Disclosure Statement via the CM/ECF system. To the best of my knowledge, all participants in the case are registered CM/ECF users, and I certify that service will be accomplished by the CM/ECF system.

_____
Jeffrey W. Mayes
General Counsel
Monitoring Analytics, LLC
2621 Van Buren Avenue, Suite 160
Eagleville, Pennsylvania 19403
(610) 271-8053
*jeffrey.mayes@monitoringanalytics.com*